ISABELLO CRUZ, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Kings County, March 29, 1943.

_Sol Douglass_ and _Philip Brown_ for plaintiff.

_Thomas D. Thacher, Corporation Counsel (F. Morgan Anglin_ of counsel), for defendant.

UGHETTA, J. At the close of the entire case the defendant moved for a directed verdict, on which motion the court reserved decision. After the jury returned a verdict in favor of the plaintiff, the court set aside the verdict and granted the motion for a directed verdict on which it had reserved decision. The plaintiff now moves for the reargument of " the motion made by the defendant at the close of the trial of the above entitled action for a directed verdict and for an order denying or dismissing the defendant's motion for a directed verdict, and for the reargument of the motion of the defendant to set aside the verdict in favor of the plaintiff as against the weight of evidence, and upon such reargument for an order denying the defendant's motion to set aside the verdict on the authorities submitted in the moving papers." The motion for reargument of the motion made by the defendant at the close of the trial for a directed verdict is granted.

The plaintiff relies on the principle laid down in such cases as _Gabler_ v. _Goldman Co._ (215 App. Div. 333). It is the court's view that section 457-a of the Civil Practice Act, as amended, has abrogated the rule as enunciated in such cases. The provisions of section 457-a of the Civil Practice Act, as amended, obviously indicate that although the jury has been discharged the court is empowered to grant a motion for a directed verdict.

Plaintiff urges in his moving papers that since the defendant failed to move for a direction within ten days following the rendition of the verdict by the jury, there was no power in the court to direct a verdict. It seems to the court that the plaintiff fails to recognize the legal significance attached to the fact that

after both parties had rested and prior to the submission of the case to the jury, the court reserved decision upon the motion made by the defendant at that time for a directed verdict. A reasonable construction of the amended section is that where the court has thus reserved decision upon the motion for a direction and where, in consequence, the matter still remains *sub judice,* there is no necessity that a further motion for the same relief be made during the specified ten-day period. It would obviously seem that only where a motion for a directed verdict made at the close of all the evidence " is denied or for any reason is not granted," is it incumbent for a party to move within the prescribed subsequent period. In the instant case, the motion made at the close of the evidence was neither denied nor was it otherwise ultimately disposed of until subsequent to the rendition of the verdict.

On reargument, the original decision of the court is adhered to.